UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEL ABELE,

    Plaintiff,

v.                                                     CASE NO: 8:04-cv-1883-T-26TGW

RON ALIFF, GRANT TOLBERT,
1ST DOE, 2ND DOE, and 3RD DOE,

    Defendants.
_____/

## **O R D E R**

Before the Court is Defendants Ron Aliff and Grant Tolbert's Motion for Summary Judgment and Supporting Memorandum of Law, their Statement of Facts, Plaintiff Mel Abele's Response and various exhibits in support of the Motion.[1] After careful consideration of the entire file, the Court concludes that summary judgment should be granted.

On remand from the Eleventh Circuit Court of Appeals, this Court was directed to reinstate the claim of Plaintiff's denial of due process as alleged in the Second Amended Complaint.[2] The appellate court wrote that the Second Amended Complaint "raised a federal question of due process when it alleged" the following:

> that Aliff entered Abele's property "and without any legal notice as required by Federal and State Statutes and the

---

[1] See dockets 69-71 & 78.

[2] See docket 42, Order of Eleventh Circuit dated March 29, 2006.

>relevant Case Law(s), he commenced to demolish the res."
>Abele also alleged he was denied the "bare essentials of law"
>as guaranteed "under State and Federal Constitution(s)."[3]

This Court will consider this motion for summary judgment with a view toward the appellate court's mandate that Count I "states a claim that the defendants destroyed one or more of Abele's properties or homes without notice or a hearing— i.e., that the defendants violated Abele's right to procedural due process."[4] The response and assertions of the non-moving pro se Plaintiff, Mr. Abele, will be construed liberally in this summary judgment proceeding to safeguard his rights.[5]

Defendants base their motion on (1) legal bars to bringing the claim for denial of due process, (2) the absence of violations of constitutional deprivations of both substantive and procedural due process and (3) qualified immunity. As to legal bars, the statute of limitations of four years for due process violations brought pursuant to 42 U.S.C. §1983 applies to bar any county actions occurring before August 16, 2000, which is four years prior to the institution of this lawsuit on August 16, 2004. See Burton v. City of Bellegrade, 178 F.3d 1175, 1188 (11th Cir. 1999) (holding that §1983 claims are governed by forum state's residual personal injury statute of limitations, which in Florida is within four years of the allegedly unconstitutional acts). Thus, the Court finds that any

---

[3] See docket 42 at pgs. 6-7.

[4] See docket 42 at pg. 7.

[5] See Al-Amin v. Donald, 165 Fed. Appx. 733, 740 (11th Cir. 2006) (holding that pro se pleadings are interpreted liberally, particularly at summary judgment stage of case in which pro se prisoner brought §1983 action).

actions relating to (1) the real property located at 16383 Seminole Boulevard, (2) the property located at 14-22 Magnolia Avenue, (3) Mr. Abele's 60-foot boat, including its destruction and removal, and (4) the property located at 6220 DeSalle Street, Brooksville, Florida, including the removal of electric power therefrom, are time-barred.

The second possible bar to this claim is the doctrine of res judicata. See Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).[6] Mr. Abele brought an action in this federal district court alleging that his due process rights had been violated by Hernando County, two county employees, and another individual.[7] The factual claims made in that case are the same as the ones asserted in this case with the exception of code enforcement actions initiated against 6220 DeSalle Street and 16369 Seminole Boulevard.[8] Both of those code enforcement actions occurred after the judgment in the prior case was entered.

Although the named Defendants in the prior action were not precisely the same as in the instant case, the affirmed judgment of the federal district court in the prior action still applies to bar this action on the principles of res judicata. In the prior action,

---

[6] "Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale, 193 F.3d at 1238.

[7] Mel Abele v. Hernando County, Ron Aliff, Grant Tolbert, and Michael Anzalone, Case No. 8:04-cv-344-24MSS. The federal district court dismissed the action against Ron Aliff and Grant Tolbert based on improper service of process. See docket 31, Case No. 8:04-cv-344-24MSS.

[8] See docket 85, Case No. 8:04-cv-344-24MSS.

Hernando County as well as two county employees were named.[9] In this action, the same two county employees were sued, Mr. Ron Aliff and Mr. Grant Tolbert, but not Hernando County.  Mr. Aliff has been employed by Hernando County for over eleven years and has held the position of field investigator for the Building Department within the Contractor Licensing Division of the Development Services Department since October 2001.[10]  Mr. Tolbert was appointed the building official in 1990 and served as Mr. Aliff's direct supervisor.[11]

Mr. Aliff and Mr. Tolbert as agents of the County may not be held liable when their employer has been exonerated for the same actions.  See Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1502 (11th Cir. 1990) (holding that "the prevailing rule in the federal and state courts [is] that a judgment excusing the master or principal from liability on the ground that the servant or agent was not at fault forecloses a subsequent suit against the latter on the same claim.").[12]  The County was already sued in the prior action and was not found liable for the actions taken with respect to the properties of Mr.

---

[9] A third individual was named who was not a county employee and was accused of failing to buy and protect Mr. Abele's properties.

[10] See docket 69, affidavit of Ron Aliff at para. 2.

[11] See docket 69, affidavit of Ron Aliff at para. 3 & 4.

[12] In this §1983 action, any suit against the individual in his official capacity is "another way of pleading an action against an entity of which an officer is an agent." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (quoting Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105 (1985)).  It is unclear from the pleadings whether Mr. Aliff and Mr. Tolbert have been sued in their official or individual capacities or both; therefore this Court will address both capacities.

Abele.[13] Mr. Abele has not alleged any actions against Mr. Aliff and Mr. Tolbert that are different from those alleged against the County. Moreover, the federal district court in the prior action specifically ruled that Mr. Abele had already sued in state court for the actions concerning the removal of the electric meter from 16383 Seminole Boulevard and 1422 Magnolia Avenue, and the destruction of his 60-foot boat, and therefore res judicata barred those claims. A state court judge had ordered Mr. Abele to remove the boat within a fixed number of days or the County could remove the boat and dispose of it as the County sought fit. Having already sued the County and the County already having judgment entered on these facts in its favor, Mr. Aliff and Mr. Tolbert enjoy qualified immunity which protects them from suit based on their actions already adjudicated in the County's favor. Thus, the only claims that are not barred by res judicata are the actions taken by the County after the summary judgment was entered in the prior action.

To the extent some of the actions are not barred by either the statute of limitations or res judicata, both the procedural and substantive due process claims would be resolved in favor of the County on summary judgment. First, the actual procedures pertaining to notice and an opportunity to be heard, i.e., procedural due process, satisfy the standard.

---

[13] To the extent Mr. Abele sues Mr. Aliff and Mr. Tolbert in their individual capacities under §1983, qualified immunity would apply to protect them from suit. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (holding that qualified immunity extends to public officials acting within their discretionary authority and not contrary to clearly established legal rights). To the extent Mr. Abele attempts to sue them in their "official capacity," they cannot be named, because the County would be the appropriate entity to sue and the County has already been sued for these actions.

See Ross v. Clayton County, Ga., 173 F.3d 1305, 1307 (11th Cir. 1999).[14]  To properly analyze procedural due process, the Court must look at the adequacy of the state remedies.  See Bussinger v. City of New Smyrna Beach, Fl., 50 F.3d 922, 926 (11th Cir. 1995).  The record reveals that notices of the County violations were sent to the owners of the property or, in other cases, the deprivations were committed pursuant to court order. The state remedy allowed Mr. Abele to file an appeal to the Hernando County Board of Adjustments and Appeals and then an appeal of that decision to the state's circuit court. The available state remedies satisfy a finding that procedural due process was accomplished.

With respect to substantive due process, the Court will consider potential challenges to both legislative enactments, i.e., the Hernando County ordinances, and executive acts taken with regard to Mr. Abele's property.  Hernando County adopted codes dealing with unsafe buildings to ensure the structural, electrical, and plumbing integrity of residences.  These standards are reasonably related to the safety and health of the County's residents and is therefore a legitimate goal.  Mr. Abele has not shown that his deprivation of property was caused by a regulation which was "pretextual, arbitrary and capricious, and . . . without any rational basis" and therefore substantive due process has been satisfied.  Reserve, Ltd. v. Town of Longboat Key, 17 F.3d 1374, 1379 (11th Cir.

---

[14]  Two questions must be analyzed to determine whether procedural due process was given: (1) whether the plaintiff had a property interest that was deprived by state action; and (2) whether the plaintiff received sufficient process regarding the deprivation. Ross, 173 F.3d at 1307.

1994) (quoting Hearn v. City of Gainesville, 688 F.2d 1328, 1332 (11th Cir. 1982)).[15]

Accordingly, viewing the facts in the light most favorable to the non-moving party, Mr. Abele, the Court finds that substantive due process has not been violated.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendants' Motion for Summary Judgment (Dkt. 69) is **GRANTED**.

(2) The Clerk shall enter judgment in favor of Defendants and against Plaintiff on all remaining claims.

(3) The Clerk shall close this case.

**DONE AND ORDERED** at Tampa, Florida, on December 20, 2006.

      s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record
Mr. Mel Abele
6099 Patricia Place
Spring Hill, FL 34607

---

[15] Regarding executive acts committed by Mr. Aliff and Mr. Tolbert, Mr. Abele's rights are state granted and not constitutionally granted and therefore the substantive component of the due process clause has not been implicated. See Greenbriar Village, L.L.C. v. Mountain Brook, 345 F.3d 1258, 1262-63 (11th Cir. 2003).